IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Otis Owens, | Case No.: 9:19-cv-03411-JD-MHC |
| Plaintiff, | |
| vs. | **OPINION & ORDER** |
| Deputy Timothy Gibson, Deputy Erickson, Sheriff Michael Hunt, the Aiken County Sheriff's Office, and Aiken County, | |
| Defendants. | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Molly H. Cherry ("Report" or "Report and Recommendation") (DE 61), made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina.[1]  Otis Owens ("Owens" or "Plaintiff") seeks damages pursuant to 42 U.S.C. § 1983 because Plaintiff alleges Defendants deprived him of rights guaranteed by the First, Fourth, Fifth, Eighth, Fourteenth, and "other Amendments," stemming from an excessive force claim against Deputy Timothy Gibson ("Deputy Gibson") and Deputy Erickson ("Deputy Erickson") while he was a pretrial detainee at the Aiken County Detention Center ("ACDC"). (DE 1-1, p. 4.) On September 10, 2021, Defendants filed a Motion for Summary Judgment (DE 54) on all claims, except Plaintiff's excessive force claim against Deputy Gibson. Otis filed his

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

response in opposition to summary judgment on September 24, 2021 (DE 55), and Defendants filed a reply on October 8, 2021 (DE 58).

On April 26, 2022, the magistrate judge issued the Report (DE 66), recommending that Defendant's Motion for Summary Judgment be granted because Otis failed to allege a constitutional violation was directly caused by an official practice, policy, or custom of Aiken County; Aiken County Sheriff's Office is entitled to Eleventh Amendment Immunity; and Sheriff Hunt, Deputy Gibson,[2] and Deputy Erickson in their official capacities are entitled to Eleventh Amendment immunity. (DE 61.)

For the reasons stated below, the Court adopts the Report and Recommendation and grants Defendants' Motion for Summary Judgment.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

The Report and Recommendation sets forth the relevant facts and legal standards, which this Court incorporates herein without a full recitation. However, as a brief background relating to the objections raised by Owens, the Court provides this summary.

Plaintiff alleges that Defendants deprived him of his rights guaranteed by the First, Fourth, Fifth, Eighth, Fourteenth, and "other Amendments." (DE 1-1, p. 4.) Plaintiff's claims stem from a pat-down search conducted on January 27, 2017, while he was a pretrial detainee at ACDC. (DE 1-1, p. 3.) Specifically, Plaintiff alleges that as he was returning to his cell block from the recreation yard, Defendant Gibson stopped him and accused him of possessing dice, which is considered contraband. (DE 1-1, p. 3.) Plaintiff alleges that Deputy Gibson then conducted a pat-down search where he "violently probed [P]laintiff's belly button, ran his hands up the inside of [P]laintiff's thighs, and grabbed and squeezed [P]laintiff's testicles and private area." (DE 1-1, p.

---

[2]    Defendants do not seek summary judgment for Plaintiff's excessive use of force claim against Deputy Gibson. (DE 54-1, p. 3.)

3.) Plaintiff maintains that Defendant Erickson observed the encounter but failed to intervene. (DE 1-1, p. 3.) Otis claims that as a result of the pat-down search, he sustained injuries to his groin that were treated with pain medicine and antibiotics. (DE 1-1, pp. 3-4.)

## II.    DISCUSSION

Plaintiff filed Objections to the Report on May 10, 2022. (DE 62.) However, to be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that Plaintiff's objections are non-specific, unrelated to the dispositive and/or at the heart of disputed portions of the Report and Recommendation, or merely restate his arguments. For example, Otis summarily states, "The plaintiff respectfully submits that the Report and Recommendation does not draw all reasonable inferences in favor of the nonmoving party" and "the Report and Recommendation ignores the evidence adduced and set forth by the plaintiff and the fact questions related to the evidence." (DE 62, p. 2)(internal quotations omitted.) Further, Owens contends he "set out how unconstitutional policies and

3

customs were carried out and provided sworn testimony supporting those claims." (DE 62, p. 3.) However, these conclusions fail to address the Report's Eleventh Amendment immunity recommendation regarding the Aiken County Sheriff's Office and Sheriff Hunt, and they equally fall short of a cognizable Monell claim against Aiken County. See Monell v. Department of Social Services, 436 U.S. 658 (1978). As to Aiken County, the Report correctly states that:

> To maintain a § 1983 municipal liability claim, a plaintiff must affirmatively establish that the alleged constitutional violation was directly caused by an official practice, policy, or custom of the municipality. Monell v. Department of Social Services, 436 U.S. 658, 691–94 (1978). "Municipal policy may be found in written ordinances and regulations, in certain affirmative decisions of individual policymaking officials, or in certain omissions on the part of policymaking officials that manifest deliberate indifference to the rights of citizens[.]" Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999) (internal citations omitted). Outside of these formal decision-making channels, "a municipal custom may arise if a practice is so persistent and widespread and so permanent and well settled as to constitute a custom or usage with the force of law." Id. (citation and internal quotation marks omitted).

(DE 61, p. 7). Accordingly, Plaintiff's objection here regarding its Monell claim without any further evidentiary support beyond mere reference to generalized facts against Aiken County lacks specificity for this Court to consider; and therefore, the objection is overruled.

Turning to Erickson, at best, the Court has gleaned that Owens objects to the Report's recommendation of dismissal of Erickson because he "watched and condoned Gibson's deliberate indifference" when he refused to stop Gibson and Sheriff Hunt because he knew or should have known about policies and practices that were unconstitutional. (DE 62, p. 3.) As to Erickson, the Report ably points to Owens' own statement that the alleged excessive force "[d]idn't take nothing but a second" to occur. (DE 61, p. 18 citing DE 54-2, p. 13.) Therefore, Owens' bystander liability claim fails under the second element—there must be a reasonable opportunity to prevent the harm. See Randall v. Prince George's Cty., Md., 302 F.3d 188, 204 (4th Cir. 2002). Therefore, this Court overrules this objection. As an additional objection to the Report' recommendation regarding

Sheriff Hunt, the Report equally and sufficiently addressed Owens' policy argument. The Report states, "Plaintiff's failure to show, or even allege, that Defendant Sheriff Hunt had any personal involvement in the alleged constitutional violations is fatal to his § 1983 claim. See Williamson, 912 F.3d at 171 (noting a plaintiff must show that the official acted personally in violating the plaintiff's constitutional rights); Wilcox v. Brown, 877 F.3d 161, 170 (4th Cir. 2017) (noting liability will only lie in § 1983 actions where it is "affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights" (citation omitted)). To the contrary, Owens objects only on the basis that "Hunt undoubtedly made and/or knew or should have known about policies and practices that were unconstitutional." This bald allegation is insufficient, and the Court, therefore, overrules it.

Lastly, Owens objects to the Report's recommendation to dismiss Erickson based upon qualified immunity and cites to the two-step sequential analysis in Leverette v. Bell, 247 F.3d 160, 166 (4th Cir. 2001). Plaintiff contends the Report found Erickson was entitled to qualified immunity before the first step of determining whether the facts, viewed in the light most favorable to the plaintiff, establish a deprivation of an actual constitutional right, is completed. Here, the Report stated, "[a]s set forth in detail above, Plaintiff has failed to establish a genuine issue of material fact on whether Defendant Erickson's actions or inactions constituted a deprivation of Plaintiff's constitutionally protected rights." Therefore, the Report ably addressed this point, and the Court overrules this objection.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein.

It is, therefore, **ORDERED** that Defendants' Motion for Summary Judgment (DE 54) is granted.

5

**IT IS SO ORDERED.**

                                                                             Joseph Dawson, III
                                                                             United States District Judge

Greenville, South Carolina
June 15, 2022

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.